JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-5462 JGB (DTBx)** | Date | October 9, 2026 |
| Title | ***Raquel Garcia v. Costco Wholesale Corporation, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order (1) REMANDING Case to the Superior Court of California for the County of San Bernardino (IN CHAMBERS)**

Before the Court is a notice of removal filed by defendant Costco Wholesale Corporation ("Costco"). ("Notice of Removal," Dkt. No. 1.) After considering the Notice of Removal, the Court sua sponte **REMANDS** the case to the Superior Court of California for the County of San Bernardino.

## I. BACKGROUND

On August 12, 2026, Plaintiff Raquel Garcia ("Plaintiff") filed a complaint against defendants Costco and Neccole Neal (erroneously sued as "Nicole Neal") ("Neal") (collectively, "Defendants") in the Superior Court of California for the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) Costco's Notice of Removal indicates that the Complaint was served on August 19, 2026. (Notice of Removal at 10.) The case was removed to this Court on September 18, 2026. (Notice of Removal.)

## II. LEGAL STANDARD

### A. Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by

Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (internal quotation omitted). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "[C]omplete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted). Removability of an action is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a [defendant's] duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). However, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)) (citation modified). Given this strong presumption against removal jurisdiction, "the court resolves all ambiguity in favor of remand to state court." Id. (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

**B. Fraudulent Joinder Doctrine**

"[J]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). Given the "general presumption against [finding] fraudulent joinder," a party invoking federal diversity jurisdiction bears a "heavy burden" to prove fraudulent joinder "by clear and convincing evidence." Grancare, 889 F.3d at 548 (quoting Hunter, 582 F.3d at 1046); Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

A defendant can establish fraudulent joinder by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Grancare, 889 F.3d at 548 (quoting Hunter, 582 F.3d at 1044). The plaintiff is unable to establish a cause of action against the non-diverse party if the non-diverse party "cannot be liable on any theory." Id. (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). For example, courts find fraudulent joinder where claims against the non-diverse defendant are time-barred, the non-diverse defendant's conduct is privileged under state law, or the non-diverse defendant is not a party to the contract at issue. Id. (collecting cases); see also Hamilton, 494 F.3d at 1206. However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (quoting Hunter, 582 F.3d at 1046). Further, courts "decline[] to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry

into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Id. at 548–49 (citing Hunter, 582 F.3d at 1046).

The test for fraudulent joinder (a jurisdictional inquiry) and the test for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (an adjudication on the merits) are not equivalent, as a defendant may fail under Rule 12(b)(6) without having necessarily been fraudulently joined. Id. at 549. The test for fraudulent joinder is more akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. Id.

## III. DISCUSSION

### A. Removal Was Timely.

Defendant Costco's removal was timely. A defendant has thirty days after receipt by or service on that defendant of the initial pleading or summons to file the notice of removal. 28 U.S.C. § 1446(b)(2)(B). On August 19, 2026, Plaintiff served Costco with the Complaint. (Notice of Removal at 10.) Defendant filed their notice of removal on September 18, 2026, the last day to timely remove the action. (Dkt. No. 1.)

### B. All Defendants Consented to Removal.

Defendant Neal, who is represented by the same counsel as Costco, did not oppose removal.[1] (Notice of Removal at 15.) Costco's averment of Ms. Neal's non-opposition is sufficient to show Defendants' unanimous consent. Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

### C. There is Not Complete Diversity Between the Parties Under the Fraudulent Joinder Doctrine.

Costco removed this case to federal court based on diversity jurisdiction, even though the named parties are not completely diverse. Costco contends that non-diverse Defendant Neal is a sham defendant. (Notice of Removal at 11-15.) As such, the Court evaluates whether "a possibility" of a claim against Ms. Neal precludes finding fraudulent joinder. Plaintiff brings one cause of action against Ms. Neal— harassment and hostile work environment in violation of California Government Code § 12940(j). (Compl. ¶¶ 43-48.) Costco argues that Ms. Neal cannot be found liable as a matter of law. (Notice of Removal at 12.) According to Costco, Plaintiff has failed to plead "conduct so severe or pervasive as to create an abusive working environment." (Id. at 13.) Further, Plaintiff has only pled "benign conduct" that is attributable

---

[1] Costco alleges that Ms. Neal is a sham defendant whose citizenship must be disregarded and whose consent to removal is not required. (Notice of Removal at 15.) Costco's argument as to Ms. Neal's status as a sham defendant is discussed in section III.C.

to "personnel management decisions" and cannot allege that Ms. Neal's conduct "was solely because of her physical disability." (Id. at 14.)

Cal. Gov't Code § 12940(j) forbids an employer or any other person to harass an employee because of their physical disability among other characteristics. To establish a claim for harassment, plaintiff Garcia must demonstrate that: "(1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013). The plaintiff must further show a "concerted pattern of harassment of a repeated, routine or a generalized nature" and that the actions were "outside the scope of job duties which are not of a type necessary to personnel management." Id. (citations omitted). Examples of personnel management actions include hiring and firing, job assignments, promotions or demotions, and performance evaluations. Id. (citation omitted).

Here, Plaintiff's allegations do not meet the standard to establish harassment under Cal. Gov't Code § 12940(j). Plaintiff alleges that after she disclosed her physical disability and requested an accommodation around March 2025, Defendants subjected her to a hostile work environment "by directing her to use an upper extremity she could not use without limitation, which worsened her condition, and then removing her from active work and failing to communicate with her about her disability, work restrictions, or return to work for more than one year, conduct that altered the conditions of [her] employment." (Compl. ¶ 46.) The identified conduct of directing Plaintiff's work assignments appears to be more closely tied to necessary personnel management decisions.

However, for purposes of fraudulent joinder, Costco must "demonstrate there is 'no possibility' that Plaintiff could prevail on any claim against Defendants." Bedoy v. CRST the Transportation Sol., Inc., No. 2:26-CV-01947-DJC-JDP, 2026 WL 2874455, at *4 (E.D. Cal. Sept. 24, 2026) (citing Grancare, LLC 889 F.3d at 548-49). Costco has not met this burden by only establishing that Plaintiff has failed to plead sufficient facts to adequately state her claim under Cal. Gov't Code § 12940(j). (Id.) Costco must establish that Plaintiff "could not amend [her] complaint to add additional allegations correcting any deficiencies." Ontiveros v. Michaels Stores, Inc., No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013); Stanbrough v. Georgia-Pac. Gypsum LLC, No. CV 08-08303GAF(AJWX), 2009 WL 137036, at *2 (C.D. Cal. Jan. 20, 2009)(finding that Defendants did not sufficiently establish that "Plaintiffs could not amend their complaint and add additional allegations" to correct deficiencies and that "the complaint's shortcomings, if any, are strictly factual[.]") Accordingly, the Court finds that Costco has failed to meet its "heavy burden" to prove fraudulent joinder by "clear and convincing evidence." Grancare, 889 F.3d at 548.

//
//
//

For the foregoing reasons, the Court finds that complete diversity does not exist. The Court orders that this case be **REMANDED** to the Superior Court of California for the County of San Bernardino.

**IT IS SO ORDERED.**